Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE: | CASE NO. 2:16-bk-20427 |
| MARSHALL WAITMAN NICHOLS, | CHAPTER 11 |
| Debtor in Possession. | JUDGE FRANK W. VOLK |
| MARSHALL W. NICHOLS and MARY M. NICHOLS and THE LIGHTHOUSE AT ALLIE'S LANDING, INC., dba Nichols Land Company, and C & M NICHOLS, LLC, | |
| Plaintiffs | |
| v. | A.P No. 2:16-ap-2070 |
| CLINTON N. NICHOLS, DEPUTY ROBERT BELT, SHERIFF GARRETT SAMPLES, JR., CLAY COUNTY COMMISSION, MAGISTRATE JEFFREY BOGGS, JUDGE RICHARD FACEMIRE, CLINTON BISCHOFF, NICHOLAS BARTH, POCA VALLEY BANK, WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, and THE UNITED STATES POST OFFICE. | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER
## RESPECTING THE DECLINATION
## OF SUBJECT MATTER JURISDICTION

In a companion memorandum opinion and order entered today, the Court granted the United States Trustee's motion to dismiss the main case. The factual and procedural

background contained in that memorandum opinion and order is incorporated by reference. The sole subject of this memorandum opinion and order is to address the continued discretionary exercise of subject matter jurisdiction over this adversary proceeding in view of the main case dismissal.

The following factors govern retention of jurisdiction over a related adversary proceeding following resolution of the main matter: judicial economy, convenience to the parties, fairness, and comity. *See In re Porges*, 44 F.3d 159, 163 (2nd Cir. 1995) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *cf. Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995); *In re T 2 Green, LLC,* 364 B.R. 592, 603 (Bankr. D.S.C. 2007)

None of the factors weigh in favor of retained jurisdiction. First, central to this adversary proceeding is the commercial relationship between Marshall W. Nichols and his brother, Clinton N. Nichols.[1] That same relationship is at the center of the State Court Action discussed in the companion memorandum opinion and order. The State Court Action is further along to disposition than this adversary proceeding, which is in its infancy.

Second, fairness and convenience decisively dictate that the state law disputes between the principal parties should be addressed in the Circuit Court of Clay County. Foremost, considering the ease of access to sources of proof, the Nichols brothers, Marshall W. Nichols' spouse, and apparently all the subject properties, are located in or near Clay County. Comity also favors permitting the State Court Action and all related disputes to be adjudicated in a single forum. It thus appears that dismissal is appropriate.

---

[1] The Court notes that other claims, entirely unrelated to the bankruptcy, are joined in the adversary proceeding, including alleged civil rights violations. The Court expresses no opinion respecting whether the claims are well pled or, alternatively, misjoined.

2

Were it otherwise, and in the alternative, abstention is appropriate under 28 U.S.C. § 1334(c)(1), according to the same factors considered by the Court in *In re James F. Humphreys & Assocs., L.C.*, 554 B.R. 355, 364 (Bankr. S.D.W. Va. 2016). As noted, the issues remaining in the adversary proceeding are undeveloped and are better considered and adjudicated by the circuit judge assigned to the State Court Action. Further, in view of the dismissal of the main case, no special bankruptcy expertise is necessary. Again, comity is best served by deferring to the circuit court to apply the necessary state law, especially when all bankruptcy matters and issues have essentially fallen away.[2]

It is, accordingly, **ORDERED** that this action be, and is hereby, **DISMISSED WITHOUT PREJUDICE**, with the sole exception of permitting resort to the limited amendment discussed in the margin.

---

[2] The Court notes that one of the claims alleged in the adversary proceeding arises under the Bankruptcy Code, namely, Count Eight. Marshall W. Nichols, the only proper party plaintiff to that claim, is granted leave until February 1, 2017, to file an amended complaint alleging that cause of action. In the event that he fails to do so, this adversary proceeding will be dismissed in its entirety on or after that date.