Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: September 30th, 2017**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>MARSHALL W. NICHOLS,<br><br>        Debtor-In-Possession. | CASE NO. 2:16-bk-20427<br><br>CHAPTER 11<br><br><br>JUDGE FRANK W. VOLK |
| MARSHALL W. NICHOLS, THE LIGHTHOUSE AT ALLIE'S LANDING and C & M NICHOLS, LLC,<br><br>        Plaintiffs,<br>v.<br><br>CLINTON N. NICHOLS, Individually;<br>JUDGE RICHARD FACEMIRE, Individually and in his official capacity as a Judicial Officer for the State of West Virginia;<br>CLINTON BISCHOFF, Individually and in his official capacity as a Special Commissioner appointed by Judge Richard Facemire in Clay County Civil Action No. 16-C-11;<br>NICHOLAS BARTH, Individually and in his official capacity as a Special Commissioner appointed by Judge Richard Facemire in Clay County Civil Action No. 16-C-11;<br>POCA VALLEY BANK; and<br>The Director of the DEPARTMENT OF HEALTH AND HUMAN RESOURCES FOR THE STATE OF WEST VIRGINIA.<br><br>        Defendants. | ADVERSARY PROCEEDING NO. 2:16-ap-2070 |

## **MEMORANDUM OPINION AND ORDER**

Pending is the motion to dismiss filed by Poca Valley Bank [Dckt. No. 70] and certain briefing received at the Court's request concerning the annulment of the automatic stay that became effective upon the filing of the now-dismissed main case filed by Marshall W. Nichols.

**I.**

On August 3, 2016, Mr. Nichols petitioned for relief under Chapter 11 of the Bankruptcy Code. [2:16-bk-20427 Dckt. No. 1]. Pursuant to 11 U.S.C. § 1112(b)(1)–(2), the case was dismissed by Order dated January 13, 2017, for "cause" following an evidentiary hearing upon motion by the United States Trustee. [2:16-bk-20427 Dckt. No. 56]. Section 1112(b) authorized this dismissal inasmuch as the petition was filed by Mr. Nichols in bad faith. 11 U.S.C. § 1112(b)(2). Specifically, the Court found that Mr. Nichols filed his Chapter 11 petition in both objective and subjective bad faith. Respecting the objective component, the Court concluded as follows:

> Mr. Nichols' schedules indicate the necessity of proposing a payout of 100% to unsecured creditors. See 11 U.S.C. § 1129(a)(7)(A)(ii). As noted, he has a negative disposable income. It is thus unclear how Mr. Nichols would fund a proposed plan with that statutory payout requirement. While proceeds from rental properties might be advanced as a funding mechanism, the Lighthouse at Allies Landing, Inc., has charge of those receipts. It is thus not possible, or at least highly improbable, that Mr. Nichols will be able to propose a confirmable Chapter 11 plan. There is thus no realistic possibility of an effective reorganization.

*In re Nichols*, 2017 WL 160865, at *4 (Bankr. S.D. W. Va. Jan. 13, 2017). Respecting the subjective component, the Court concluded as follows:

> [T]he Court is constrained to conclude the petition was motivated by the improper purposes of (1) delaying the State Court Action, (2) shopping for a more favorable forum, and/or (3) providing leverage to achieve the sought-after settlement of the

> dispute between Mr. Nichols and his brother Clinton. This finding is supported, inter alia, by Marshall's testimony and, earlier in the case, the arguments of his counsel during the first hearing in this matter on September 16, 2016, relating to a motion to lift stay.
>
> Counsel expressed during the September 16, 2016, hearing his view that the judicial officer assigned to the State Court Action was not impartial, lacked jurisdiction, and was burdened with a conflict to interest. (Record. of Hrg. at 31:46 to 32:45). He also expressed dissatisfaction with how the circuit judge in the State Court Action was handling the case. (See, e.g., Record. of Hrg. at 37:20 to 38:50). Counsel also stated his belief that a conflict of interest burdens one of the three commissioners appointed by the circuit judge to handle the details of the windup. (Record. of Hrg. 40:40 to 43:00). The Court notes as well that, during Mr. Nichols' testimony in the evidentiary hearing in this matter, he stated as follows when asked by counsel for the United States Trustee if "one of the primary reasons for the [Chapter 11] ... filing was the" State Court Action: "A. Well, he's [Clinton's] ... in with the judge and stuff up there. So that was one of the reasons there." (Trans. at 29).

*Id.* at *4. The January 13, 2017, ruling remains undisturbed inasmuch as Mr. Nichols did not appeal.

The sole claim prosecuted by the plaintiffs against the defendants in the amended complaint is for alleged violations of the automatic stay in the now-dismissed main bankruptcy case.

## II.

Generally, actions violating the automatic stay are void. *In re Barr*, 318 B.R. 592, 597 (Bankr. M. D. Fla.2004). However, the Court is authorized "to annul the stay retroactively to validate actions that were taken in violation of such stay." *In re Scott*, 260 B.R. 375, 381 (Bankr. D.S.C. 2001); *see also Shaw v. Ehrlich*, 294 B.R. 260 (W.D. Va. 2003), *aff'd,*99 Fed. Appx. 466 (4th Cir. 2004). Title 11 U.S.C. 362(d) empowers the Court as follows:

> d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, *annulling*, modifying, or conditioning such stay--

3

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; . . .

11 U.S.C. 362(d)(1).

Retroactive relief is a somewhat extraordinary remedy and annulment decisions are "made on a case-by-case basis." *Scott*, 260 B.R. at 381 (Bankr. D.S.C. 2001). The relief is often reserved where the creditor demonstrates "compelling circumstances." *See In re Oncale*, 497 B.R. 214, 217 (Bankr. D.S.C., 2013) (citing *Barr*, 318 B.R. at 598). The Court in *Scott* prescribed a non-exhaustive list of factors that courts have considered in balancing whether compelling circumstances exist that might justify retroactive relief from the stay, including "if the debtor has acted in bad faith." *Scott,* 260 B.R. at 382 (Bankr. D.S.C. 2001). (citing *In re Lett*, 238 B.R. 167, 195 (Bankr. W. D. Mo.1999)). A later decision by the United States Court of Appeals for the Third Circuit observed as follows:

> Other courts have observed that the most important factors in making this determination are (1) whether the creditor was aware of the filing or encouraged violation of the stay; (2) whether the debtor engaged in inequitable, unreasonable, or dishonest behavior; and (3) whether the creditor would be prejudiced.

*In re Myers*, 491 F.3d 120, 129 (3rd Cir. 2007).

Assuming that the putative stay-violation actions taken by defendants were done with an awareness of the pending bankruptcy, the balance of the equities in all other respects tips sharply away from Mr. Nichols. Foremost, he has been found to have filed his main case in both objective and subjective bad faith, motivated not by a desire to reorganize but rather to (1) delay the state court action discussed in the January 13, 2017, order, (2) shop for a more favorable forum in an attempt to unilaterally correct the unfairness he perceived in the state processes, and (3) provide leverage to achieve the sought-after settlement of his dispute with his brother Clinton. In doing so, he prejudiced the defendants in many respects, including increased costs and delays, and

now seeks to multiply that prejudice in an action for damages. It is difficult to imagine a case presenting more of an affront to the purposes underlying the automatic stay and the bankruptcy system generally.

It is, accordingly, **ORDERED** that the automatic stay that became effective upon the petition filing in the main case be, and hereby is, annulled to the effect that the actions putatively in violation of the stay that form the basis for this adversary proceeding are deemed not to have contravened the terms of 11 U.S.C. § 362. Further, no damages for the putative stay violation are warranted in this instance.

It is further **ORDERED** that this adversary proceeding be, and hereby is, **DISMISSED**, with the motion to dismiss filed by the Poca Valley Bank **DENIED** as moot.